**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Innovative Aftermarket Group Incorporated, | No. CV-24-03042-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| EFAN Tech (Shenzhen) Company Limited, | |
| Defendant. | |

Plaintiff Innovative Aftermarket Group Incorporated ("IAG") filed a Motion for Default Judgment against Defendant EFAN Tech (Shenzhen) Co., Ltd. ("EFAN Tech"). (Doc. 14, "Mot.") Defendant failed to file a response. For what follows, Plaintiff's Motion will be granted.

## BACKGROUND

Plaintiff filed this action on November 4, 2024 for recovery for breach of contract. (Doc. 1, "Compl."). Defendant EFAN Tech is a Chinese corporation that develops and manufactures dash camera products. (*Id.* at ¶ 5). IAG further asserts EFAN Tech agreed to provide certain product development and manufacturing services for IAG's dash camera product. IAG asserts the parties finalized a development agreement (the "Development Agreement") on June 11, 2024 wherein IAG agreed to send an initial $20,000 and mechanical design documents to EFAN Tech in exchange for EFAN Tech sending IAG a bill of materials and electrical schematics for IAG's dash cam product. (*Id.* at 14). Pursuant to the Development Agreement, IAG wired $20,000 to EFAN Tech on June 11, 2024 and

delivered mechanical drawings to EFAN Tech on September 7, 2024. (*Id.* at ¶¶ 14-15). IAG alleges EFAN Tech failed to deliver the bill of materials, electrical schemeatic, or perform any other obligations under the Development Agreement. (*Id.* at ¶ 16).

Service was executed on Defendant EFAN Tech on November 5, 2024 (Doc. 9). Defendant did not file an answer or otherwise participate in the action. The Clerk of Court entered default against Defendants pursuant to Fed. R. Civ. P. 55(a) on January 10, 2025. (Doc. 13). On January 24, 2024, Plaintiff filed a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). ("Mot.").

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Because complete diversity of citizenship exists and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over Plaintiff's breach of contract claim. (Compl. at ¶ 7); 28 U.S.C. § 1332. There is also personal jurisdiction over Defendant. Defendant EFAN Tech has purposefully directed activities at the State of Arizona and the injuries alleged to IAG arise out of EFAN Tech's Arizona related-activities. (Compl. at ¶ 9); *Picot v. Weston*, 780 F.3d 1206, 1211 (9th. Cir. 2015).

## DEFAULT JUDGMENT

Once default is entered, judgment may be entered under Rule 55(b). Whether to grant default judgment is discretionary and courts routinely consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). In *Eitel*, the defendant appeared to defend against the claims. Thus, many applicable factors do not provide meaningful guidance in this case. *See Ausseresses v. Pride Security LLC*, No. 23-cv-02662, Doc. 14 at 2 (D. Ariz. May 15, 2024). The relevant *Eitel* factors are: (2) the

merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, and (4) the amount in controversy, each of which will be discussed in turn.

### I. Factors (2) Merits of the Claim and (3) Sufficiency of the Complaint

The second and third *Eitel* factors, together, require consideration of whether a plaintiff has stated a claim. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). Here, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).

To prevail on a breach of contract claim under Arizona law, a plaintiff must prove: (1) a valid contract existed; (2) breach; and (3) damages. *Graham v. Ashbury*, 540 P.2d 656, 657 (Ariz. 1975).

IAG has sufficiently pled each of these elements. IAG alleges a valid contract existed with EFAN Tech via the Development Agreement. (Compl. at ¶ 13). IAG alleges EFAN Tech breached the Development Agreement by failing to perform any of their obligations. (*Id.* at ¶ 16). And IAG alleges damages in (1) amounts paid to EFAN Tech under the Development Agreement, (2) expenses incurred in preparing to perform and performing the Development Agreement, (3) delay in completion of IAG's dash cam product, and (4) lost sales and opportunities to make sales of the IAG dash cam product. (*Id.* at ¶ 19). Accordingly, these factors support entering default judgment.

### II. Factor (4) Amount in Controversy

This factor requires the court to consider alleged damages in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $148,477.00 in total damages. (Mot. at 9). This is reasonable and proportional to Defendant's breach of contract under state law. This factor supports granting default judgment.

### III. Conclusion

All the relevant *Eitel* factors support entering default judgment in this case. This Court will grant the motion and enter default judgment accordingly.

**DAMAGES**

IAG requests $148,477.00 in danages against Defendant EFAN Tech. This total amount consists of (1) a $20,000 initial payment to EFAN Tech, (2) $9,627 in payments to a third-party design firm for changes requested by EFAN Tech, (3) $25,350 in payroll costs for in-house engineers moved off other projects to work on tasks EFAN Tech failed to perform, (4) $16,000 in additional costs for a substitute manufacturer's services, and (5) $77,500 in additional purchase costs from the substitute manufacturer (Mot. at 7; Doc. 14-2 at ¶¶ 12, 16-19).

Rule 54(c) of the Federal Rules of Civil Procedure requires a default judgment "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). "The well-established rule in Arizona is that the damages for breach of contract are those which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered into the contract." *S. Ariz. Sch. for Boys, Inc. v. Chery*, 119 Ariz. 277, 580 (Ariz. Ct. App. 1978).

IAG's motion does not differ in kind or amount from what was pled in the Complaint and IAG provided sufficient notice of the potential award enabling EFAN Tech "to decide whether to respond to the complaint in the first instance." *Fisher Printing Inc. v. CRG LTD II LLC*, 2018 WL 603299, at *3 (D. Ariz. Jan. 22, 2018). The Court finds IAG's motion, the declaration of IAG's counsel Richard E. Oney, and the declaration of IAG CEO Carl Anthony "Tony" Avila sufficiently establish the damages IAG has suffered. Therefore, the Court will enter default judgment against EFAN Tech in the amount of $148,477.00. If IAG seeks attorneys' fees and costs, they shall file a separate fee application with the Court.

**IT IS ORDERED** Plaintiff's Motion for Default Judgment (Doc. 14) is **GRANTED**. The Clerk of Court is directed to enter judgment in favor of Plaintiff and against EFAN Tech (Shenzhen) Company Limited, in the amount of $148,477.00 This amount shall be subject to post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

**IT IS FURTHER ORDERED** Plaintiff may file a motion for reasonable attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2.

**IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

Dated this 25th day of March, 2025.

Honorable Roslyn O. Silver
Senior United States District Judge